## AMERICAN SMELTING & REFINING CO. v. McGEE.

(Circuit Court of Appeals, Eighth Circuit. November 8, 1907.)

### No. 2,543.

1. MASTER AND SERVANT—NEGLIGENCE—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.

The plaintiff, an experienced boilermaker's helper, was sent to punch some holes in a piece of galvanized iron with a power punch. The die, a piece of tempered steel 2½ inches in diameter with a suitable hole in it, lay in a depression in the block so that the punch struck the hole in it true when he went to do his work. This die had been fastened in its place by a set screw which extended through the side of the block and into the die, but this screw had been broken for more than a month, so that the die was loose and there was danger that the punch would raise it from its position and displace it so that the punch would strike the solid steel of the die and injure the operator. The break in the screw and the looseness of the die were not readily observable, and the plaintiff was not aware of them. After he had punched several holes in the iron, and as he was making another, something struck his eye and put it out. After the accident there was a piece broken off of the point of the punch, and a piece broken off of the side of the hole in the die. Small particles sometimes fly off from galvanized iron when holes are punched in it, but there was no evidence that any serious injury had been known to result from them. *Held*:

There was substantial evidence of causal negligence of the master. The evidence that the servant assumed the risk or that he was guilty of contributory negligence was not conclusive, and these questions were for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 958–961, 1005, 1068–1132.

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

2. SAME—ASSUMPTION OF RISK—DEFECT MUST BE READILY OBSERVABLE TO RAISE.

The request to charge that if the employé knew or had an opportunity to know of the defect and appreciate its risk he assumed it, or was guilty of contributory negligence, was properly refused because the defect was not readily observable. The true rule is that if the servant knew of the

defect, or if it was so plainly observable that he could have seen it by the exercise of ordinary prudence, and if he appreciated that it was dangerous, he assumed the risk of it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 584.]

3. SAME—CONTRIBUTORY NEGLIGENCE.

The servant's opportunity to know of the defect, which was not obvious or readily observable, was not conclusive evidence of his negligence.

The court rightly charged that it was the servant's duty to use that kind of care for his own safety that an ordinarily prudent man, under similar circumstances with the plaintiff's experience, would use, and that if he failed to exercise this care and that failure directly contributed to his injury, he could not recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 674, 708.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Utah.

W. J. Barrette (Henderson, Pierce & Critchlow, on the brief), for plaintiff in error.

Thomas Marioneaux (O. W. Powers, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. As the plaintiff below was using a power punch of his employer to punch some holes in a piece of galvanized iron, something struck one of his eyes and put it out. He sued his employer, the American Smelting & Refining Company, the defendant below, for negligence, in that, among other things, it failed to provide the machine with threads in the chuck head that would hold the punch point tightly in place, and in that it failed to furnish a set screw which would hold the die securely in place so that in the operation of the machine the punch would surely strike the hole in the die true. The defendant denied that it was negligent, and averred that the plaintiff knew and assumed the risk of operating the machine. There was a verdict and judgment for the plaintiff.

The specifications of error are that the court refused to instruct the jury to return a verdict for the defendant, that it refused to instruct them that it was the plaintiff's duty to observe whether the machine was in a reasonably fair condition for use, and, if it was not, he either assumed the risk of his use of it or was negligent in using it, and in that it refused to instruct them that if the plaintiff, knowing or having the opportunity of knowing the condition of the machine, was of the opinion that it was safe, and used it, he could not recover. There was substantial evidence of these facts: The plaintiff was an experienced boilermaker's helper, and he was directed by his superior to punch out a hole in a piece of galvanized iron. The method to be pursued was to punch out some small holes around the inner circumference of a circle marked on the iron. There were two power punches, the smaller of which was used when the larger was in operation. The plaintiff was

competent to operate the machine and to do the work thus assigned him. The larger punch was in use, and he proceeded to the smaller one and punched several holes when, as he was punching another, something hit his eye and destroyed it. No foreign substance was found in the socket of the eye. The die of the machine was about $2\frac{1}{2}$ inches in diameter. It rested in a depression provided for it in a block, and had a hole in it with which the punch engaged when in operation. The punch and the die were tempered steel, and a collision between the punch and the solid portion of the die was dangerous to the operator. A set screw had been provided which passed through the side of the block and into the die, and which, when in proper condition, held the die rigidly in place in the block. When this set screw was broken or failed to engage both block and die, the latter would sometimes be drawn up out of its place, and there was danger that it would become displaced in that way so that the punch would not strike the hole in the die true, but would collide with the side of it. This set screw had been broken for a month or two, and it did not engage the die or hold it in place. Its condition was not obvious or readily observable. Immediately after the accident it was discovered that a small piece had been broken off of the end of the punch and out of the side of the hole in the die. When the plaintiff went to the machine to punch out the iron, the punch struck the hole in the die true, and he did not change or adjust any part of it. Particles sometimes fly off of galvanized iron while holes are being punched in it, strike operators and draw the blood, but no witness testified that he ever knew of a serious injury from that source. If one hole is punched out of galvanized iron and an attempt is made to punch another by the side of it, so that one side of the punch strikes the iron and the other falls into the hole in the die without obstruction, the metal sheet will force the punch to one side and cause it to collide with the steel of the die; but an experienced operator would not proceed in that way, and there was no evidence that the plaintiff did. There was evidence of other facts, but none that modifies the logical and legal effect of the facts which have been recited.

It was the duty of the employer to exercise ordinary care to furnish reasonably safe machinery, and to use ordinary care to maintain it in a reasonably safe condition of repair, and its failure to do so was negligence which, if causal, was actionable. The broken set screw, the absence of any effective means to hold the die securely in place for more than a month before the accident, the danger therefrom, the broken point of the punch and side of the hole after the accident, and the other facts to which reference has been made, constituted substantial evidence that the defendant was negligent in the inspection and repair of the machine, and that this negligence caused the injury. The evidence that it might have been caused by flying particles from the galvanized iron or by punching out the side of a hole so that one side of the punch met with no resistance was much less persuasive and insufficient to bring the case within the rule that when an injury may have been the effect of one of two or more causes the jury may not speculate on the cause. The natural and rational inference from the evidence was that

the injury was caused by the broken set screw and by the negligence of the defendant in failing to inspect and renew it. The risk of the loose die was not one of the ordinary risks of the employment. The plaintiff testified that he did not know that the set screw was broken or that the die was loose, and there was no evidence to the contrary. Its condition was not readily observable. It was inserted in the side of the block, and the break in it and its incapability of holding the die tightly in place were not obvious. The evidence, therefore, did not conclusively show that the plaintiff knew, or that a person of ordinary prudence by the exercise of reasonable diligence and care in his situation would have known, that the screw was broken or the die loose, and it was not the duty of the court to instruct the jury that he assumed the risk of this defect, or that he was guilty of contributory negligence in his use of the machine. The court rightly refused to instruct the jury to return a verdict for the defendant.

The refusal by the court of the two other requests to charge the jury present a single question. In each request counsel asked the court to charge the jury that the plaintiff could not recover if the plaintiff knew or had the opportunity of knowing or of observing the defective condition of the die. The requested instruction is sound and right in cases in which the defect is obvious or readily observable. In such cases a servant cannot fail to see a defect which is plainly observable, or to observe that which is obvious, and then recover because he failed, and if he knows or has the opportunity to know it and appreciates the risk from it he cannot recover. But this rule is inapplicable to this case because the defect was not readily observable. The punch struck the die true. The die was in its place. It appeared to be secure. The break of the set screw and the consequent looseness of the die which made it dangerous were not apparent. They could have been discovered by the plaintiff only by searching out the screw in the side of the block and trying it. The duty to make this search was not cast upon the plaintiff. The charge of the court upon this subject was: "If the plaintiff knew of the particular defect in this punch, if you find it actually caused the injury, and appreciated that it was dangerous, or if you believe it was so plainly observable that he could have observed it by the use of ordinary prudence, then he assumed that risk and he cannot complain that he was injured by it. Besides that, * * * the plaintiff was required to use just that kind of care for his own safety that an ordinarily prudent man, under similar circumstances, with the plaintiff's experience would use. * * * If he failed to use that kind of care and the injury would have been averted by the use of it, he was guilty of contributory negligence, and he cannot recover." The charge was right, and the court properly refused to give the instructions requested because they were not applicable to the facts of this case.

There was no error in the trial, and the judgment is affirmed. Texas & Pacific Ry. v. Archibald, 170 U. S. 665, 673, 18 Sup. Ct. 777, 780, 42 L. Ed. 1188.